IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASMINE FRASIER<br>3708 Warrensville Center Road<br>Shaker Heights, Ohio 44122<br><br>Plaintiff,<br><br>v.<br><br>CUYAHOGA METROPOLITAN HOUSING AUTHORITY<br>8120 Kinsman Road<br>Cleveland, Ohio 44104<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff, Jasmine Frasier, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

### PARTIES, JURISDICTION & VENUE

1. Frasier is a resident of the City of Shaker Heights, County of Cuyahoga, State of Ohio.

2. Defendant Cuyahoga Metropolitan Housing Authority ("CMHA") is a political subdivision of the state of Ohio.

3. CMHA was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C § 2601 *et seq*.

4. All material events alleged in this Complaint occurred in Cuyahoga County.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 in that Frasier is alleging federal law claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.* and the Families First Coronavirus Response Act ("FFCRA"), Pub. L No 116-117, 134 Stat. 178 (2020), which in turn includes the Emergency Family Medical Leave Expansion Act ("EFMLEA").

6. Venue is proper in this Court pursuant to 28 U.S.C § 1391.

## FACTS

7. Frasier is a former employee of CMHA.

8. Frasier began working at CMHA in October 2015.

9. Frasier was most recently employed as Family Self Sufficiency Coordinator.

10. Frasier has a minor child.

11. Frasier had no meaningful history of discipline during her seven years of employment with CMHA.

12. In November 2019, Frasier acquired secondary employment at Alex and Ani, a jewelry store, where she worked in the evening.

13. Frasier followed CMHA policy and disclosed her secondary employment to Santiago.

14. In early 2020, Alex and Ani closed due to the COVID-19 pandemic.

15. Frasier promptly informed Santiago that she no longer had her second job.

16. Ana Santiago, Frasier's supervisor, offered to assist Frasier in finding new secondary employment.

17. On Mach 9, 2020, Ohio Governor Mike DeWine signed Executive Order 2020-01D, declaring a state of emergency due to the COVID-19 pandemic.

18. On March 12, 2020, Governor DeWine announced that all schools would be closed March 16, 2020, until at least April 3, 2020.

19. Frasier's child's school was cancelled indefinitely because of the COVID-19 pandemic in March 2020.

20. Frasier's family became unavailable to care for Frasier's child during CMHA's operating hours of 8:00am to 5:00pm.

21. On or about March 18, 2020, Congress passed, and President Donald Trump signed, FFCRA.

22. FFCRA provided paid leave for certain employees whose children's schools were closed due to the COVID-19 pandemic.

23. On July 7, 2020, Frasier applied for COVID-19 Expanded Family Medical Leave to care for her minor child due to the government's COVID-19 response of closing daycares and schools.

24. CMHA approved Frasier's leave beginning August 2020, from 8:00am to 5:00pm, until December 31, 2020.

25. As CMHA approved Frasier's EFMLA leave through December 31, 2020, Frasier reasonably believed that her absences would be protected through December 31, 2020.

26. On or about October 9, 2020, Santiago informed Frasier that Human Resources created a form that employees on leave who reported secondary employment were required to submit weekly on Fridays.

27. The form contained language stating that employees on extended leave did not need to submit the form every Friday.

28. Frasier was on extended leave, so she did not need to submit the form every Friday.

29. While on extended leave, Frasier was paid two-thirds of her regular salary.

30. Frasier's two-thirds pay was insufficient to support her and her child.

31. On or about October 11, 2020, Frasier began working at Amazon five days a week from 2:15am to 6:15am to supplement her income.

32. Frasier's position at Amazon fell outside of CMHA's operational hours.

33. Frasier's family was able to stay with her child during the hours she worked at Amazon.

34. Frasier disclosed her job at Amazon to Santiago.

35. On or about October 20, 2020, Frasier received a letter from CMHA alleging she was in violation of policy for being absent without leave, insubordination, FMLA violation, etc.

36. On or about October 26, 2020, CMHA held a pre-disciplinary conference for Frasier with Santiago and Cedra Westbrook, the Employee Relations Manager.

37. Prior to October 26, 2020, CMHA did not instruct Frasier to return to work prior to December 31, 2020, of which she was previously granted leave until.

38. Westbrook interrogated Frasier about her secondary employment.

39. Westbrook stated that Frasier was in violation of CMHA policy because the handbook prohibited employees on FMLA leave to work any job.

40. The leave that Frasier needed was due to childcare purposes and did not completely debilitate Frasier, so the fact that Frasier worked outside of CMHA business hours was not relevant.

41. At the disciplinary hearing, Frasier asked Santiago why CMHA alleged she was absent without leave.

42. Santiago responded she incorrectly believed Frasier was to return to work at an earlier date than December 31, 2020.

43. On October 28, 2020, Frasier received a letter from Defendant stating her employment was terminated effective October 29, 2020.

44. Defendant stated the reason for termination was Frasier's supplemental employment during her EFMLEA leave and her failure to report to work after October 2, 2020.

45. Frasier's supplemental employment did not violate the EFMLEA.

46. Defendant had provided Fraiser leave until December 31, 2020, and did not instruct her to return to work prior to that date.

47. Defendant's stated reasons for termination had no basis in fact.

48. Upon information and belief, CMHA has a progressive disciplinary policy.

49. Defendant did not issue Frasier a verbal or written warning before terminating her employment.

50. Defendant failed to follow its progressive disciplinary policy when it terminated Frasier's employment.

51. Defendant failed to follow its own progressive discipline policy in retaliation for Frasier utilizing EFMLEA leave.

52. Defendant terminated Frasier in retaliation for her taking legally protected EFMLEA/FFCRA leave to care for her minor child during the school shutdown caused by the COVID-19 pandemic.

53. Frasier suffered and continues to suffer from damages as a result of Defendant's conduct.

## COUNT I: VIOLATIONS OF FFCRA/EFMLEA

54. Frasier restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55. The FFCRA makes it unlawful for an employer to take a retaliatory action against an individual who attempts to utilize, or actually utilizes, FFCRA leave.

56. The FFCRA makes it unlawful for an employer to interfere with an individual's ability to utilize FFCRA leave.

57. The FFCRA includes EFMLEA, which required certain employers to provide paid sick leave to employees who need to take leave from work for certain specified reasons related to the COVID-19 pandemic, including needing to care for the employee's son or daughter "whose school or place of care is closed or whose child care provider is unavailable for reasons related to COVID-19."

58. On or about July 1, 2020, Defendant was a covered employer under the FFCRA/EFMLEA.

59. On or about July 1, 2020, Frasier was qualified to utilize FFCRA/EFMLEA leave.

60. On or about July 7, 2020, Frasier was entitled to utilize FFCRA/EFMLEA leave due to childcare needs.

61. Frasier utilized FFCRA leave during her employment with CMHA.

62. On July 7, 2020, Frasier requested leave from the hours of 8:00am to 5:00pm beginning in August 2020 and lasting until December 31, 2020.

63. Defendant approved and verified Frasier's request to utilize EFMLEA leave through December 2020.

64. Frasier expressed to Defendant that her FFCRA leave was to care for her minor child whose school was closed and for whom other childcare was unavailable.

65. Frasier reported her secondary employment to Defendant.

66. Frasier's secondary employment fell outside of CMHA's operating hours and outside the hours for her FFCRA leave.

67. Defendant retaliated against Fraiser due to her request to use, and due to her utilization of FFCRA/EFMLEA leave.

68. Defendant interfered with Frasier's ability to utilize FFCRA/EFMLEA leave.

69. Defendant violated FFCRA and EFMLEA.

70. Defendant terminated Frasier in retaliation for her utilizing FFCRA and EFMLEA leave.

71. Defendant treated Frasier less favorably than similarly situated employees because she utilized EFMLEA leave.

72. As a result of Defendant's conduct, Frasier suffered and will continue to suffer damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Jasmine Frasier demands from Defendant the following:

(a) Issue an order requiring CMHA to restore Frasier to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Frasier for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Frasier's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
Shashelia Degraffinried (101692)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: daniel.dubow@spitzlawfirm.com
           shelia.degraffinried@spitzlawfirm.com
           kevin.buryanek@spitzlawfirm.com

*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Jasmine Frasier demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*
Daniel S. Dubow (0095530)
Shashelia Degraffinried (101692)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S LAW FIRM**